Johnson, J.
delivered the opinion of the Conrt.
The defendant was bail for Charles Grimké at the suit of the plaintiff, and this was an action on the bail bond. The plaintiff obtained judgment against Grimké, at March Term, 1828, and sued out a ca. sa. returnable to the following October Term. It was entered in the sheriff's office on the 23rd August, 1828, and on the back a return of non est inventus had been written by the sheriff, under the date of 3rd September following; but the return had not been sworn to, nor had the ca. sa. been returned to-, and filed in the clerk’s office, until the day of this trial, 10th October, 1829. This suit was commenced on the 20th February,'1829.
The defendant gave in evidence a certificate of the clerk of the Court of Common Pleas, for Charleston district, that Grimké had been admitted to the benefit of the insolvent debtors act, at the suit of John A. Jackson, and was discharged, on the 18th October, 1828.
*493 The plaintiff’s right to recover was resisted on the grounds: 1st. That the sheriff’s entry of non est inventus, of 3rd. Septenaher, 1828, was irregular, as the ca. sa. had until the next October Tenn, to run ; and that therefore the bail was not fixed. 2nd. That the entry did not constitute a legal return until it had been sworn to, and the ca. sa. returned to, and filed in the clerk’s office ; which not having been done, until the day of the trial, the action was premature. 3rd. That the discharge of Grimké under the insolvent debtors act, discharged his bail.
This cause was heard by myself, when sitting for Judge Huger, at Union, October Term, 1829 ; and, without adverting to the other grounds of defence, I decided for the defendant on the second. Upon reviewing the matter, however, on a motion made by the plaintiff for a new trial here, I am satisfied, that however irregular and informal the return to the ca. sa. may have been, the Court had the power to order the return to be amended according to the truth of the case, as the term to which the ca. sa. was returnable had elapsed, before any proceedings were had against the defendant: and that course would probably have been adopted, if the idea had been suggested at the trial. It appears to me, however, that the discharge of Mr. Grimké, under the insolvent debtors act, operates as a discharge to his bail.
The uniform construction given to the insolvent debtors act, is, that a discharge under it operates as a discharge, or satisfaction, of all judgments against the debtor : Wall v. The Court of Wardens, 1 Bay, 434. Mayrant v. Myers, 2 Mill, 419. and unless the bail has become fixed, it must, for very obvious reasons, operate to discharge them. Until then, they owed no debt; for the judgment is exclusively the debt of the principal. After they are fixed, it becomes their own proper debt, and the discharge of their principal cannot discharge them. And such is the rule laid down by Lord Mansfield, in Woolley v. Cobbe, 1 Bur. 244. De jure, bail may surrender the principal at any time before the return of the ca. sa. ; but if they neglect to do so, they are said to be fixed: and although they are allowed to do so at any time before the return of a scire facias on the bail bond, it is merely ex gratia, and not matter of right. 1 Tidd, 236, 238. 2 Tidd, 1045. It follows, therefore, that bail are fixed by the *494 return of non est inventus to a ca. sa. against their principal, and not before.
In England, it seems that a ca. sa. may be made returnable at any time, even de die in diem, and that formerly bail were fixed by such return ; which led the Courts to indulge the bail to bring in their principal at any time during the term, to which the scire facias was returnable, sedente curia. 1 Tidd, 237. By thfe act of 1789, P. L. 488, all process issuing from the Circuit Courts respectively, shall be made returnable to the next Court after the date of such process ; and by the act of 1799, 2 Faust, 314, the sheriff is required to make his return to the clerk of the Court, fifteen days before the sitting of such Court. Regularly, the’ sheriff could not make his return until the day on which the ca. sa. was returnable ; and if Grimké had surrendered himself in the interval, between the sheriff’s return of the 3rd. September, and the next term, the return would have been falsified. Davitt v. Counsel, 2 N. & M. 136. But de facto, 'there was no return. However formal the entry may have been, it was not sworn to, or returned to the clerk’s office ; and it can only operate as a return, by permitting the sheriff to do now, what he ought to have done then : that is, to make the return now, which according to the truth of the case, he ought to have made, when the ca. sa.. was returnable. On the one hand, the negligence of the sheriff, in not making a return when he ought to have done it, ought not to prejudice the plaintiff ; and for the same reason his officiousness in making a return, before the time when he was required by law to do it, ought not to deprive the defendant of a right.
Upon recurring to dates, it is found that the 18th October, 1828, the day on which Grimké was discharged, was the last.day of the term for Union district, to which the ca. sa. was returnable, and therefore within the term. The term itself is indivisible; and if we give effect to the return of the sheriff to the ca. sa., as of the term, it follows that Grimké’s discharge was at the time, when the return of the sheriff ought to have been made, and before, defacto, it had been made: and according to the rule, the. bail was not fixed, and is intitled to be discharged.
It seems, however, that this is not strictly a bar to the plaintiff’s action, and can only be taken' advantage of on motion to *495 have an'exoneretur entered. 1 Tidd, 243. And that being an . original motion, which this Court cannot entertain, the case must go back to the Circuit Court, to give the defendant an opportunity of making it there ; and a new trial is accordingly ordered.
Clowney, for the motion.
Herndon, contra.
Motion granted.